| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Ivan M. Lopez Ventura 255743**<br>**5155 West Rosecrans Avenue**<br>**Suite 224**<br>**Hawthorne, CA 90250**<br>**(714) 788-4804 Fax: (949) 266-8230**<br>California State Bar Number: **255743 CA**<br>**ilecfbknotices@gmail.com**<br><br><br><br><br><br>☐ *Individual appearing without attorney*<br>☑ **Attorney for:** Debtor | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br>    **PATRICIA M NEDRICK-GRAY**<br><br>Debtor(s). | CASE NO.: **2:18-bk-17790-BR**<br><br>CHAPTER: **11** |
|---|---|
| | **INDIVIDUAL DEBTOR'S DISCLOSURE**<br>**STATEMENT IN SUPPORT OF**<br>**PLAN OF *LIQUIDATION*** |
| | DATE:<br>TIME:<br>COURTROOM:  **1668**<br>PLACE:  **255 E. Temple Street, Los Angeles, CA 90012** |

Attached is a chapter 11 plan (the Plan) proposed by the above-named individual Debtor. The Debtor attests that the information stated in this Disclosure Statement and the Plan is accurate. All creditors should refer to Articles I-IV of the Plan for the specific treatment of their claims. This Disclosure Statement is explanatory only; the language used in the Plan is binding. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.**
**EFFECTIVE DATE OF THE PLAN:** The Effective Date of the Plan is 14 days following the date of entry of the order confirming the Plan unless a stay of the confirmation order is in effect, in which case the Effective Date will be the first business day after the date on which the stay of the confirmation order has been lifted, provided that the confirmation order has not been vacated.



United States Bankruptcy Court for the Central District of California.

*Page 1*                                    **DISCLSR.STMT**

**Part 1**
**Proposed Treatment of Claims**

**A.   Unclassified Claims including administrative priority claim, priority tax claims, and gap claims**

Holders of administrative priority claims are entitled to priority pursuant to § 507(a)(2) of the Bankruptcy Code including (i) professional fees and costs; (ii) United States trustee's fees; and (iii) postpetition domestic support obligations. Such claims shall be paid in full on, or as soon as practicable after, the Effective Date or upon allowance of such claim, whichever is later.

Holders of priority tax claims are entitled to priority under § 507(a)(8). Such claims shall be paid in full *within 30 days from the date debtor's estate receives funds from the sale of debtor's real property, i.e. the 1404 S Van Ness Ave., Los Angeles, CA 90019 real property or within 30 days from the date entry of the order for relief or as soon as soon as is practicable with __3__ %* interest in equal [monthly/quarterly/annually] amortized payments according to § 511 of the Bankruptcy Code. See Article I.C. of the Plan.

Holders of involuntary gap period claims allowed under § 502(f) are entitled to priority under § 507(a)(3). Such claims will be paid in full on, or as soon as is practicable, after the Effective Date. See Article I.D. of the Plan. Involuntary gap priority creditors exist only in cases commenced involuntarily. These are creditors who have claims that arose after the involuntary petition was filed but prior to the court's appointing a trustee or granting an order for relief.

**B.   Secured Creditors** (Classes 2, 3, 4 and 5)

See Article II of the Plan.

**C.   Priority Unsecured Creditors**

The following class(es) of priority unsecured claims are impaired and therefore, entitled to vote under the Plan. Such creditors will be paid [annually/quarterly/monthly] in full over _____years with _____% interest. Payments shall be in equal [monthly/quarterly] amortizing installments beginning on the first day of each calendar ☐ month ☐ quarter after the Effective Date. Alternatively, if any one of these Classes does not vote to accept the Plan, then each claim in such class must be paid in full on, or as soon as practicable after, the Effective Date (except to the extent a holder of a claim in the class agrees to other terms) or the plan cannot be confirmed. See Article II of the Plan.

| | | |
|---|---|---|
| ☐ | Class 1(a): | Domestic support obligation |
| ☐ | Class 1(b): | Priority wage claims |
| ☐ | Class 1(c): | Employee benefit plan contribution claims |
| ☐ | Class 1(d): | Grain producer and fisherman claims |
| ☐ | Class 1(e): | Consumer deposit claims. |

**D.   General Unsecured Creditors (Classes 6(a) and 6(b))**

☐ Class 6(a): A creditor whose allowed claim is $__ or less or who elects to reduce its allowed claim to $__ will receive a single payment equal to 100% of its allowed claim on, or as soon as practicable after, the Effective Date of the Plan. See Article II of the Plan.

☑ Class 6(b): Other general unsecured creditors will be paid __100__ % of their allowed claims with[out] interest [at the rate of __0__ % per annum], *within 30 days from the date debtor's estate receives funds from the sale of debtor's real property, i.e. the 1404 -1410 S Van Ness Ave., Los Angeles, CA 90019*

United States Bankruptcy Court for the Central District of California.

*Page 2*                **DISCLSR.STMT**

*real property or within 30 days from the date entry of the order for plan confirmation or as soon as practicable.* Under § 1129(a)(15), if an unsecured creditor objects to confirmation, an individual debtor must either pay the present value of that unsecured claim in full or make distributions under the plan totaling at least the value of the debtor's net disposable income over the greater of (a) five years or (b) the period for which the plan provides payments. However, § 1129(a)(15) should be read and applied in conjunction with § 1123(a)(4) which provides that a chapter 11 plan must provide the same treatment for each claim in the same particular class. See Article II of the Plan.

Undisputed Class 6 claims, as of this date, are listed in Exhibit C to the Disclosure Statement.

## E.    Executory Contracts and Unexpired Leases

**(1)** <u>Executory Contracts and Leases Assumed.</u> On the Effective Date, the Debtor assumes the executory contracts and unexpired leases enumerated in Exhibit E to the Disclosure Statement and shall perform all obligations thereunder, both preconfirmation and postconfirmation.

Any preconfirmation arrearages shall be paid by the Effective Date, unless the parties agree otherwise or the court finds that a proposed payment schedule provides timely cure and adequate assurance of future performance. Postconfirmation obligations will be paid as they come due.

**(2)** <u>Executory Contracts and Leases Rejected.</u> The Debtor is conclusively deemed to have rejected all executory contracts and/or unexpired leases not previously assumed or listed in Exhibit E to the Disclosure Statement as of the Effective Date. Claims arising from the rejection of an executory contract or unexpired lease under this section are general unsecured claims in Class 6, except to the extent this court orders otherwise. A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.

## F.    Discharge

Upon completion of the payments under the Plan, the Debtor may receive a discharge of preconfirmation debts, except such discharge shall not discharge the Debtor from any debts that are found nondischargeable under § 523 or are obligations created by this Plan. The payments promised in the Plan constitute new contractual obligations that replace the preconfirmation debts proposed to be discharged. Creditors may not sue to collect on these obligations so long as the Debtor is not in material default under the Plan. If the Debtor materially defaults in performing the Plan, affected creditors may sue the Debtor to enforce the terms of the Plan or to dismiss this case or to convert it to a case under chapter 7 of the Bankruptcy Code. See Article VI of the Plan.

**Part 2**
**Voting on Confirmation of Plan**

**A.    *Introduction:* Chapter 11 expressly contemplates liquidations. See *Florida Department of Revenue v. Piccadilly Cafeterias, Inc. 128 S. Ct. 2326, 2331 n.2, 171 L Ed. 2d 203, 210, 59 C.B.C2d 1316 (2008).***

*A Chapter 11 bankruptcy proceeding ordinarily culminate in the confirmation of a reorganization plan, here however the debtor is submitting a plan of liquidation. The debtor, will seek permission from the Court to attempt and sell substantially all of her assets, namely the real property located at 1404 -1410 S Van Ness Ave., Los Angeles, CA 90019, before seeking or receiving plan confirmation.*

*Therefore, the debtor is submitting a plan of liquidation (rather than a traditional plan of reorganization) providing for distribution of the proceeds resulting from the sale of her 1404 S Van Ness Ave.*

United States Bankruptcy Court for the Central District of California.

*Page 3*      **DISCLSR.STMT**

property.See *In re General Motors Corp. 407 B.R. 463 (Bankr. S.D.N.Y. Sept. 5, 2006).*

*Debtor's plan of liquidation is predicated on the reality that debtor's revenues were insufficient to support her keeping her real property located at 1404 S Van Ness Ave., Los Angeles, CA 90019; postpetition refinancing was either unavailable or predicated upon a prompt sale, yet an orderly sale is necessary to preserve the value of debtor's 1404 S Van Ness Ave. real estate property. See* **In re Decora Indus. 2002 U.S. Dist. LEXIS 27031, at \*8 (D. Del. May 20, 2002).**

**B.**   **Who may vote:** Regarding debtor's liquidation plan, only impaired creditors are entitled to vote (see § 1124). A creditor is entitled to vote on confirmation of the Plan unless (i) the creditor's class is unimpaired (presumed to accept the Plan) or is to receive no distribution (presumed to reject the Plan); (ii) an objection has been filed to that creditor's claim; (iii) that creditor's claim is scheduled by the Debtor as contingent, disputed, unliquidated or unknown and the creditor has not filed a proof of claim; or (iv) the claim is unclassified (and thus required by law to be paid in full). A creditor whose claim has either been objected to or has been scheduled by Debtor as contingent, disputed, unliquidated or unknown or who has not filed a proof of claim, and who wishes to vote, must move to have its claim allowed for voting purposes by filing a motion for such relief in time for that motion to be heard before the hearing on confirmation of the Plan. A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim is entitled to accept or reject a Plan in each capacity by delivering one ballot for the secured part of the claim and another ballot for the unsecured portion of the claim.

**C.**   **How to vote:** A voting creditor must fill out and return the attached ballot so that it is received by the Plan proponent no later than _____.at the following address:

> Ivan M. Lopez Ventura, Esq.
> 5155 West Rosecrans Avenue, Suite 224
> Hawthorne, CA 90250

**D.**   **Effect of vote:** The Plan will be confirmed only if (i) it is accepted by each impaired class, or (ii) it is accepted by at least one impaired class exclusive of insiders (as defined by §101(31)) and the court determines that the Plan is "fair and equitable" (as defined by §1129(b)) to all rejecting classes of creditors, and it meets all of the other criteria required for confirmation. A class of creditors accepts the Plan if it is accepted by a majority in number and at least two-thirds in dollar amount of the creditors in that class timely voting.

## Part 3
## Source(s) of Payments under the Plan

The Debtor intends to make the payments required under the Plan, or as mandated by this Court, from the following sources:

**A.**   ☐ **Available Cash**. Debtor projects $____ cash will be available on the Effective Date.

**B.**   ☑ **Sale of Assets**. A sale of property described in the Plan, i.e. debtor's *real property located at 1404 - 1410 S Van Ness Ave., Los Angeles, CA 90019,* which the Debtor estimates will produce **One Million Eight Hundred Thousand Dollars $1,800,000.**

**C.**   ☐ **Future disposable income**. Debtor estimates that projected monthly disposable income available to

United States Bankruptcy Court for the Central District of California.

*Page 4*                    **DISCLSR.STMT**

creditors for the _____ year[1] period following confirmation will be $_____.[2]This is based on the monthly income of $_____ and expenses of $_____ as set forth in Debtor's Declarations of Current/Postpetition Income and Expenses (LBR Form F 3015-1.20.DEC.INCOME.EXPENSE), which have been prepared as of _____[3] and are attached hereto as Exhibit A.

  ☐ This projection is consistent with (i) <u>Debtor's average</u> monthly income for the six months prior to this case of $_____, as set forth in Debtor's Statement of Current Monthly Income (Official Bankruptcy Form 22B) filed with this court and (ii) average monthly income of $_____ and average monthly expenses (excluding professional expenses and fees incurred in this bankruptcy case) of $_____ during the _____ months since the petition date (based on monthly operating statements filed with the court), and such differences as are explained as follows:

_____
_____
_____

  Upon written request, Debtor will provide copies of the Statement of Current Monthly Income and/or monthly operating statements.

**D.**    ☐ **Other sources of funding** are explained as follows:

_____
_____
_____

**Risk Factors**

  The proposed Plan has the following risks: (explain, e.g., sale falls through, Debtor loses employment/business, illness):

_____
  **Debtor's 1*404 -1410 S Van Ness Ave., Los Angeles, CA 90019 real property sale falls through or does not sell for fair**
  **market value, i.e. approximately $1,800,000.**
_____
_____
_____

**Part 4**
**Liquidation Analysis**

  As a practical matter preplan sale of substantial assets are less exceptional and more routine in economic climates, as the one herein, where the debtor in possession financing is scare, inexistent or costly, and a new loan covenant may force the debtor into liquidation anyways if certain milestones are not achieved. See *In re Linens Holding Co. No. 08-10832 (Bankr. D. Del. July 16, 2008)(Docket No. 914), motion granted (Bankr. D. Del. July 24, 2008 (Docket No. 1022)*

  Valuation assuming a Chapter 7 liquidation could have the effect of depressing both the value of the

_____
[1] This number should match the number of years selected for payments made to creditors under the plan. See note 11 of the Plan as to the Absolute Priority Rule and modify this paragraph accordingly.

[2] Under § 1123(a)(8), the plan of an individual debtor shall "provide for payment to creditors . . . of all or such portion" of postpetition personal services income "as is necessary for execution of the plan."

[3] LBR Form F 3015-1.20 should be updated to the date of the most recent financial information available for the debtor.

United States Bankruptcy Court for the Central District of California.

*Page 5*                                                    **DISCLSR.STMT**

debtor and her assets, i.e. debtor's *1404 S Van Ness Ave., Los Angeles, CA 90019* real property. Auctioneers or liquidators, other than the debtor herein may have the assets, i.e. debtor's *1404 S Van Ness Ave., Los Angeles, CA 90019* real property, yield less under "firesale" conditions.

In another case a court accepted testimony of a Certified Public Accountant that assets could be sold for higher prices in a liquidating chapter 11 than in a chapter 7 case; court also credited testimony that cooperation of individual debtor in proposed liquidating plan was a factor. See ***Hobson v. Travelstead (In re Travelstead), 227 B.R. 638, 654 (D. Md. 1998)***

The Debtor's Schedules A and B, that may have been amended for the purposes of this Disclosure Statement, are attached hereto The Debtor has calculated the liquidation value, under Chapter 7 conditions for her *1404 S Van Ness Ave., Los Angeles,A CA 90019* real property asset as shown below. The Debtor arrived at the net liquidation values that are subject to liens by deducting from the value of the assets the amount of the secured liens and any applicable sales costs, fees, and taxes. See also the attached "Addendum to Disclosure Statement."

| | |
|---|---|
| Net liquidation value of Debtors' assets, i.e. debtor's *1404 S Van Ness Ave., Los Angeles, CA 90019* real property, under Chapter 7 | $135,520.46 * |
| Less estimated chapter 7 trustee expenses | - $ 54,850.00 * |
| Less administrative claims and priority tax claims (see Article I of Plan) | - $ 2,445.12 * |
| Less Other Priority Claims (see Article II of Plan) | - $____ |
| Liquidation value available to general unsecured creditors | $ 78,225.34 |
| Divide by estimated amount of allowed general unsecured claims (see Article II, Class 6 of Plan; Exhibit C) | $____ |
| Equals estimated percentage of their allowed claims that general unsecured creditors would receive in a Chapter 7 liquidation of the Debtor | 100 % |
| **Estimated percentage of claims general unsecured creditors would receive under Debtor's proposed Plan** | 100 % |

\* = See the attached "Addendum to Disclosure Statement," for an explanation for this dollar amount

## Part 5
## Feasibility

The Plan cannot be confirmed unless the court finds it feasible. A Plan is feasible if confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor, unless such liquidation or reorganization is proposed in the Plan.

<u>Feasibility by the Effective Date.</u> The Debtor estimates that the Debtor will have sufficient cash on hand on the Effective Date to pay all claims and expenses entitled to be paid in cash on such date, as shown below.

| | |
|---|---|
| Cash Debtor will have on hand by Effective Date: | $____ |
| **Less:** | |
| Administrative claims: | - $____ |
| Statutory costs and charges: | - $____ |
| Other Plan payments payable on Effective Date: | - $____ |
| Balance after paying these amounts: | $____ |

The sources of cash the Debtor will have on hand by the Effective Date, as shown above are:

| | |
|---|---|
| Cash on Hand | $____ |
| Sale of assets, , i.e. debtor's *1404 S Van Ness Ave., Los Angeles, CA* | $ 338,275.34 * |

---

United States Bankruptcy Court for the Central District of California.

*Page 6*                                    **DISCLSR.STMT**

*90019* real property, under debtor's Chapter 11 liquidation

Additional cash the Debtor will accumulate from projected disposable
income between now and Effective Date                                    +  $\_\_\_\_

Borrowing from:\_\_\_\_                                                    +  $\_\_\_\_

Other:\_\_\_\_                                                             +  $\_\_\_\_

                                                          **Total**  $ **338,275.34 \***

**\* =** See the attached "Addendum to Disclosure Statement," for an explanation for this dollar amount

<u>Feasibility over the life of the Plan.</u> The Debtor projects that the Debtor will receive, enough cash through the sale of her asset, i.e. debtor's *1404 -1410 S Van Ness Ave., Los Angeles, CA 90019* real property, to make her liquidation Plan work based on the sources described above. See "Addendum to Disclosure Statement," attached hereto.

Date: **September  10, 2018**

_____
Signature of Debtor

**PATRICIA M NEDRICK-GRAY**
_____
Printed name of Debtor

Date: **September  10, 2018**

_____
Signature of attorney for Debtor, if any

**Ivan M. Lopez Ventura, SBN 255743**
_____
Printed name of attorney for Debtor, if any

I declare under penalty of perjury, based on information and belief, under the laws of the United States that the foregoing is true and correct.

**September  10, 2018**
Date

_____
Signature of Debtor

### List of Exhibits

Exhibit A:     Schedules A and B, as adjusted to provide liquidation values

Exhibit B:     General unsecured claims (indicate next to each creditor whether or not claims are disputed) (Class 6)

Exhibit C:     Ballot

Exhibit D:     Executory contracts and unexpired leases to be assumed

United States Bankruptcy Court for the Central District of California.

*Page 7*                    **DISCLSR.STMT**

**Ivan M. Lopez Ventura** SBN 255743
**Ivan M. Lopez Ventura, Esq.**
5155 West Rosecrans Avenue, Suite 224
Hawthorne, CA 90250
Direct: (714) 788-4804
Fax:    (949) 266-8230
Email: Lopezesq@gmail.com

Attorney for Debtor
**PATRICIA M. NEDRICK-GRAY**

## UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In Re: | CHAPTER 11 |
| **PATRICIA M. NEDRICK-GRAY** | BK CASE NO. **2:18-bk-17790-BR** |
| | **ADDENDUM TO DISCLOSURE STATEMENT** |
| Debtor (s) | |

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE, BARRY RUSSELL,**

**THE UNITED STATES TRUSTEE AND ALL OTHER INTERESTED PARTIES:**

Debtor would like to provide the following additional information:

1) The Debtor owns one real property, which is also debtor's principal residence, i.e. debtor's real property located at 1404 -1410 S Van Ness Ave., Los Angeles, CA 90019. This property is a residential 4-unit building, with a total of 10-bedrooms; located in the Arlington Heights neighborhood. It was built on or about 1922 and has Assessor's Parcel # 5073-002-013.

2) The Debtor also rents out a unit in this real property to a tenant at $1,300 per month.

3) Class 1 - There are no creditors in Class 1.

-1-

ADDENDUM TO DISCLOSURE STATEMENT

*pmng*

4) Class 2a – Brian Holloway, et al has filed a secured claim (claim #1) in the amount of $1,378,279.54. This loan has arrears and is not current. This unimpaired secured creditor has been placed in Class 2a.

5) Regarding Brian Holloway, et al., Proof of Claim #1, debtor intends on filing an Objection to Claims and/or negotiate with Brian Holloway, et al. and its counsel to determine the true dollar amount owed prior to payment of their claim. Regardless, creditor Brian Holloway, et al. is presumed to accept the debtor's Chapter 11 liquidation plan since debtor anticipates paying 100% of Holloway's claim through the sale of her 1404 -1410 S Van Ness Ave. real property in this Chapter 11.

6) Class 2b – Los Angeles County Treasurer and Tax Collector, has filed a secured claim (claim #3) in the amount of $2,445.12. re property taxes. This unimpaired secured creditor has been placed in Class 2b. Debtor anticipates paying 100% of Los Angeles County Treasurer and Tax Collector's claim through the sale of her 1404 -1410 S Van Ness Ave. real property in this Chapter 11.

7) Class 3a – Santander Consumer USA, Inc. has filed a secured claim (claim #4) in the amount of $10,910.98. This loan has arrears and is not current. This unimpaired secured creditor has been placed in Class 3a. Debtor anticipates curing 100% of Santander's claim for any default that occurred before or after the petition date in this case, reinstate the maturity of that claim as such maturity existed before the default, and maintain current payments, through the proceeds from the sale of her 1404 -1410 S Van Ness Ave. real property in this Chapter 11.

8) Class 3b – Bridgecrest has not filed a secured claim in this case. To the best of debtor's knowledge, the balance of this debt is in the amount of $15,893. This loan has arrears and is not current. This unimpaired secured creditor has been placed in Class 3b. Debtor anticipates curing 100% of Bridgecrest's claim for any default that occurred before or after the petition date in this case, reinstate the maturity of that claim as such maturity existed before the default, and maintain current payments, through the proceeds from the sale of her 1404 -1410 S Van Ness Ave. real property in this Chapter 11.

9) Class 4 – There are no creditors in Class 4.

10) Class 5 – There are no creditors in Class 5.

11) Class 6 – $23,659.01 Unsecured claims include the filed claim #5 in the amount of $1,727.32. The payment to this Class will be 100% of each allowed claim, except for educational loans and debts, listed in debtor's Schedule F filed in this case, that are not currently due and are not payable until debtor completes her schooling education. These creditors are presumed to accept debtor's Chapter 11 liquidation plan since debtor

-2-

anticipates paying 100% of each allowed claim through the sale of her 1404 -1410 S Van Ness Ave. real property in this Chapter 11.

12) Because debtor anticipates paying 100% of each allowed claim in this case through the sale of her 1404 -1410 S Van Ness Ave. real property in this Chapter 11, debtor anticipates that no creditor will be making use nor an election under of Section 1111(b) of the Bankruptcy Code in this case.

13) Risk factors: the main risk associated with debtor's plan of selling her property to fund this Chapter 11 plan and paying 100% of all allowed claims from the proceeds of the sale is that debtor's 1404 -1410 S Van Ness Ave., Los Angeles, CA 90019 real property sale falls through or that the property does not sell for fair market value, i.e. approximately $1,800,000.

14) Plan Budget: No plan budget is attached as debtor intend is to liquidate her asset within a few months, and in any event of liquidation the proceeds from the sale of debtor's 1404 - 1410 S Van Ness Avenue property should be enough to pay 100% of all allowed claims in this case.

15) Liquidations Analysis: Another confirmation requirement is the "Best Interest Test," which requires a Chapter 7 liquidation analysis. Because debtor is proposing to "liquidate" and sell her 1404 - 1410 S Van Ness Avenue property herself as opposed to having a Chapter 7 trustee sell it for her, it is incumbent upon the debtor to not only show how she pass the "Best Interest Test," and also show this Court how she can presumably sell her real property asset for higher prices than a chapter 7 case through her cooperation as an individual debtor in proposed liquidating Chapter 11 plan. See ***Hobson v. Travelstead (In re Travelstead), 227 B.R. 638, 654 (D. Md. 1998)***

16) Under the Best Interest Test, if a claimant or interest holder is in an impaired class and that claimant or interest holder does not vote to accept the Plan, then that claimant or interest holder must receive or retain under the Plan property of a value not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code.

17) In a Chapter 7 case, the debtor's assets are usually sold by a Chapter 7 trustee. Secured creditors are paid first from the sales proceeds of properties on which the secured creditor has a lien. Administrative claims are paid next. Next, unsecured creditors are paid from any remaining sales proceeds, according to their rights to priority. Unsecured creditors with the same priority share in proportion to the amount of their allowed claim in relationship to the amount of total allowed unsecured claims. Finally, interest holders receive the balance that remains after all creditors are paid, if any.

-3-

18) For the Court to be able to confirm debtor's Chapter 11 liquidation Plan, the Court must find that all creditors and interest holders who do not accept the Plan will receive at least as much under the Chapter 11 liquidation Plan as such holders would receive under a Chapter 7 liquidation. The Plan Proponent maintains that this requirement is met here because under either scenario of liquidation, Chapter 11 or Chapter 7, all creditor's allowed claims will be paid 100%, as detailed below.

19) However, in a Chapter 7 liquidation sale the debtor and her bankruptcy estate presumably will net less money.

20) The net value of debtor's Real Estate is estimated at about 10% less in a Chapter 7 liquidation valuation because it would be sold under a distress sale.

21) For Debtor's property which has an estimated market value of $1,800,000., that 10% "fire sale" or distress liquidation value sale could mean as much as a $180,000. loss to the debtor and her bankruptcy estate, as it is presumed that she (through a proper marketing period to obtain the highest price) can sell her real property asset for higher prices than a chapter 7 trustee.

22) Then there is the cost of property sales brokerage commission which normally would be between 5 and 6% for a Chapter 7 trustee and does not allow for a proper marketing period to obtain the highest price for the Property.

23) Debtor however can presumably negotiate a better brokerage commission percentage fee through solicitation of multiple brokers for the sale of her real property asset, ultimately securing a more favorable (and negotiated) 3 to 4% brokerage fee commission for the sale of her real property. Assuming the unlikely scenario that a Chapter 7 trustee could equal debtor's intended target sale price of $1,800,000, those few percentages points difference in brokerage commission could represent as much as $54,000 loss to the debtor and her bankruptcy estate, i.e. 3% of $1,800,000 = $54,000.

24) Finally, under a chapter 7 case, the trustee appointed is entitled to compensation from the bankruptcy estate in an amount not to exceed 25% of the first $5,000 of all moneys disbursed, 10% on any amount over $5,000 but less than $50,000, 5% on any amount over $50,000 but not in excess of $1 million, and 3% on all amounts over $1 million. In this case, the trustee's compensation is estimated to equal $54,800. And that is assuming the trustee reduced "fire sale" price for debtor's real property.

25) In short should the debtor be allowed to sell her property, including having a proper marketing period to obtain the highest price for her real estate, the debtor and her bankruptcy estate would be presumably saving a total of at least $288,800. Resulting from $180,000 savings from a "proper marketing period" versus a "fire sale," plus some

-4-

$54,000. in negotiated brokerage fee, i.e. 3% of $1,800,000 = $54,000; plus at least $54,800 in permissible chapter 7 trustee compensation.

26) Under either a Chapter 7 or Chapter 11 liquidation, the sale of debtor's property could generate an approximate 3% transfer costs, which for $1,800,000 would be about $54,000.

27) Debtor also estimates that provided she sale her real property for $1,800,000; after paying a 4% broker commission fee ($72,000), and after paying secured creditors' proof of claims numbers 1 and 2, filed in this case (Brian Holloway, et al, and Los Angeles County Treasurer and Tax Collector) a combined estimated $1,389,724.66; debtor should have some $338,275.34 left from which to continue to address her other payment obligations in this Chapter 11 bankruptcy case, including a presumably negotiable 3% property sale transfer cost.

28) Therefore, since after liquidation of the real estate in the debtor's estate there would be a higher positive balance under a Chapter 11 liquidation, than a Chapter 7 liquidation, as explained above, and because under both liquidation scenarios all creditors would receive a 100% payment on their allowed claims, it makes sense to allow the debtor an opportunity to have sufficient time for a proper marketing and sale period of her real property to obtain the highest possible price for her 1404 - 1410 S Van Ness Avenue property.

29) Attorney fees are estimated at $25,000, and attorney Lopez Ventura will accept being paid last from the real property sales proceeds, and as ordered by this Court, after all allowed claims, United States Trustee's Quarterly Disbursement fees, real property sales costs, and fees have been paid.

Date:  September 10, 2018

Patricia M. Nedrick-Gray, Debtor

-5-

ADDENDUM TO DISCLOSURE STATEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

-6-

ADDENDUM TO DISCLOSURE STATEMENT

Case 2:18-bk-17790-BR    Doc 23    Filed 07/27/18    Entered 07/27/18 11:35:10    Desc
Main Document    Page 3 of 41

Fill in this information to identify your case and this filing:

| Debtor 1 | **PATRICIA M NEDRICK-GRAY** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | | | |
| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number    **2:18-bk-17790**

☐ Check if this is an amended filing

## Official Form 106A/B
## Schedule A/B: Property                                           12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:   Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest in**

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.
☑ Yes. Where is the property?

1.1

**1404 S Van Ness Ave**
Street address, if available, or other description

**Los Angeles       CA     90019-0000**
City                State   ZIP Code

**Los Angeles**
County

**What is the property?** Check all that apply
☐ Single-family home
☑ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

**This property is a residential 4-unit building, with a total of 10-bedrooms; located in the Arlington Heights neighborhood. It was built on or about 1922, and has Assesors Parcel # 5073-002-013.**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$1,790,000.00** | **$1,790,000.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Fee simple**

☐ Check if this is community property (see instructions)

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.........................................................=> 

| $1,790,000.00 |
|---|

**Part 2:   Describe Your Vehicles**

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

| Debtor 1 | **PATRICIA M NEDRICK-GRAY** | | | Case number *(if known)*   **2:18-bk-17790** |
|---|---|---|---|---|

### 3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

☐ No

■ Yes

| 3.1 | Make: | **Mercedes Benz** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|---|

| | Model: | **ML350** | ■ Debtor 1 only | |
| | Year: | **2006** | ☐ Debtor 2 only | |
| | Approximate mileage: | **120,000** | ☐ Debtor 1 and Debtor 2 only | |

Other information:

| | | | | Current value of the entire property? | Current value of the portion you own? |
|---|---|---|---|---|---|
| | **Vehicle is subject to auto loan; vehicle is in good working condition** | | ☐ At least one of the debtors and another<br><br>☐ Check if this is community property (see instructions) | **$6,400.00** | **$6,400.00** |

| 3.2 | Make: | **Nissan** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|---|

| | Model: | **Altima** | ■ Debtor 1 only | |
| | Year: | **2011** | ☐ Debtor 2 only | |
| | Approximate mileage: | **98,000** | ☐ Debtor 1 and Debtor 2 only | |

Other information:

| | | | | Current value of the entire property? | Current value of the portion you own? |
|---|---|---|---|---|---|
| | **Subject to auto loan, vehicle in good working condition; this car is under Debtor's daughter custody and control, debtor's dauther is responsible for car note payments, and car insurance payments** | | ☐ At least one of the debtors and another<br><br>☐ Check if this is community property (see instructions) | **$4,800.00** | **$4,800.00** |

### 4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No

☐ Yes

| 5 | Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here.................................................................⇒ | **$11,200.00** |
|---|---|---|

**Part 3:    Describe Your Personal and Household Items**

Do you own or have any legal or equitable interest in any of the following items?

| | Current value of the portion you own?<br>Do not deduct secured claims or exemptions. |
|---|---|

### 6. Household goods and furnishings
*Examples:* Major appliances, furniture, linens, china, kitchenware

☐ No

■ Yes. Describe.....

| **Household Goods and Furnishings** | **$3,300.00** |
|---|---|

### 7. Electronics
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

☐ No

■ Yes. Describe.....

| **Electronics: 3 TVs; 1 Refrigerator; 1 Electric/Gas Stove; 3 Cellphones** | **$2,500.00** |
|---|---|

Debtor 1    **PATRICIA M NEDRICK-GRAY**                                Case number *(if known)*  **2:18-bk-17790**

**8. Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections;
other collections, memorabilia, collectibles

☐ No
☑ Yes. Describe.....

| Miscellaneous African art paintings, mostly sentimental value | $150.00 |

**9. Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools;
musical instruments

☑ No
☐ Yes. Describe.....

**10. Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

☑ No
☐ Yes. Describe.....

**11. Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No
☑ Yes. Describe.....

| Clothes | $375.00 |

**12. Jewelry**
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

☐ No
☑ Yes. Describe.....

| Jewelry - miscellaneous earings, rings, and bracelets | $550.00 |

**13. Non-farm animals**
*Examples:* Dogs, cats, birds, horses

☐ No
☑ Yes. Describe.....

| 1 Family dog, named "mama," no cash value, sentimental value only | $0.00 |

**14. Any other personal and household items you did not already list, including any health aids you did not list**

☐ No
☑ Yes. Give specific information.....

| 1 cane, for personal use, mostly sentimental value ($25); 1 wood jewelry box, mostly sentimental value ($75); 2 pairs of reading glasess ($45); | $145.00 |

**15.  Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached
for Part 3. Write that number here ...........................................................................................**

$7,020.00

**Part 4:    Describe Your Financial Assets**

**Do you own or have any legal or equitable interest in any of the following?**

Current value of the
portion you own?
Do not deduct secured
claims or exemptions.

Official Form 106A/B                                Schedule A/B: Property                                page 3

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                Best Case Bankruptcy

Case 2:18-bk-17790-BR    Doc 23    Filed 07/27/18    Entered 07/27/18 11:35:10    Desc
Main Document    Page 6 of 41

| Debtor 1 | **PATRICIA M NEDRICK-GRAY** | | Case number *(if known)*  **2:18-bk-17790** |

**16. Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
☐ No
■ Yes.................................................................................................................

|  |  | Cash | **$350.00** |

**17. Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
☐ No
■ Yes.......................

| | | Institution name: | |
|---|---|---|---|
| 17.1. | Checking | **Checking account with Bank of America**<br>**Located at Hawthorne Blvd, Torrance, CA**<br>**branch**<br>**This is a Debtor In Possession (DIP) account** | **$50.00** |
| 17.2. | Checking | **Checking account with Wells Fargo**<br>**Located at Imperial & Crenshaw branch, Los**<br>**Angeles, CA**<br>**This is a Debtor In Possession (DIP) account** | **$110.00** |
| 17.3. | Checking | **Checking account with Bank of America**<br>**Located at Olympic & Western branch in Los**<br>**Angeles, CA**<br>**This is account is in the process of being**<br>**shut down to comply wth Ch. 11**<br>**Requirements** | **$20.00** |
| 17.4. | Checking | **Checking account with Bank of America**<br>**Located at Olympic & Western branch in Los**<br>**Angeles, CA**<br>**This is account is in the process of being**<br>**shut down to comply wth Ch. 11**<br>**Requirements** | **$25.00** |

**18. Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
☐ No
■ Yes.................

| | Institution or issuer name: | |
|---|---|---|
| | **On information and belief, debtor owns Penzoil Products Company**<br>**publicly traded stocks; Debtor owns like two or three shares/stocks**<br>**("stocks"); these stocks yield Debtor about 5 cents every couple of**<br>**months; Debtor is unaware of the value of these stocks but believe**<br>**they might be worth about $45** | **$45.00** |

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
■ No
☐ Yes.  Give specific information about them...................
Name of entity:                              % of ownership:

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
■ No
☐ Yes.  Give specific information about them
Issuer name:

Debtor 1    **PATRICIA M NEDRICK-GRAY**                    Case number *(if known)*    **2:18-bk-17790**

**21. Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
☐ No
■ Yes. List each account separately.

|  | Type of account: | Institution name: |  |
|---|---|---|---|
|  | **401(k)** | **On information and belief, Debtor has a Los Angeles County Retirement System retirement account** |  |
|  |  | **This is 401K retirement account; Debtor believes she has about $190,000.** | **$190,000.00** |
|  | **401(k)** | **On information and belief, Debtor has a Horizon retirement account through County of Los Angeles Deferred Compensation; This is 401K retirement account; Debtor believes she has about $4,000.** | **$4,000.00** |

**22. Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
■ No
☐ Yes. .....................                Institution name or individual:

**23. Annuities (A contract for a periodic payment of money to you, either for life or for a number of years)**
☐ No
■ Yes............        Issuer name and description.

**Deaborn National, Colorado Bankers Life Insurance Annuity**
**On information and belief debtor has about $1,000. in it**                    **$1,000.00**

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
■ No
☐ Yes............        Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
■ No
☐ Yes.  Give specific information about them...

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
■ No
☐ Yes.  Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
☐ No
■ Yes.  Give specific information about them...

| **Debtor is the holder of a Community Care License; license cannot be sold, therefore it only has value to Debtor for Debtor to exercise the privilege of having a residential family housing for the Department of Children and Family Services, County of Los Angeles; Debtor provides care for minor and non-minor dependants** | **$0.00** |
|---|---|

**Money or property owed to you?**                                                **Current value of the portion you own?**
**Do not deduct secured claims or exemptions.**



| Debtor 1 | **PATRICIA M NEDRICK-GRAY** | Case number *(if known)* | **2:18-bk-17790** |
| --- | --- | --- | --- |

**28. Tax refunds owed to you**

■ No

☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

**29. Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

■ No

☐ Yes. Give specific information......

**30. Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

■ No

☐ Yes. Give specific information..

**31. Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☐ No

■ Yes. Name the insurance company of each policy and list its value.

| Company name: | Beneficiary: | Surrender or refund value: |
| --- | --- | --- |
| **On information and belief Debtor has Life Insurance through her Colonial Company; death benefit only, no cash value** | **Debtor's Children (Adults Son and Daughter)** | **$0.00** |
| **On information and belief Debtor has Life Insurance through her National; death benefit only, no cash value** | **Debtor's Children (Adults Son and Daughter)** | **$0.00** |
| **On information and belief Debtor has Life Insurance through her union, SEIU 721; death benefit only, no cash value** | **Debtor's Children (Adults Son and Daughter)** | **$0.00** |

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

■ No

☐ Yes. Give specific information..

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☐ No

■ Yes. Describe each claim.........

Debtor 1   **PATRICIA M NEDRICK-GRAY**                        Case number *(if known)*   **2:18-bk-17790**

| | |
|---|---|
| On information and belief debtor has claims against a person by the name Tracy Love, and; claims against a company by the name Dividends XIII Capital, and; claims against a company by the name Rushmyfile, Inc., and; claims against a person by the name John Lett, and; claims against Brian Holloway, et al., and; claims against unknown parties at this time; Debtor's above-refernced claims relate to real estate transactions in connection to Debtor's real property located at 1404 S Van Ness Avenue, Los Angeles, CA 90019; Debtor's claims value is unknown at this time; Debtor can update this schedule information once the above claims have been ascertained | **Unknown** |

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
- ☐ No
- ■ Yes. Describe each claim.........

| | |
|---|---|
| On information and belief debtor has claims which may include counterclaims against a person by the name Tracy Love, and; against a company by the name Dividends XIII Capital, and; against a company by the name Rushmyfile, Inc., and; against a person by the name John Lett, and; against Brian Holloway, et al., and; against unknown parties at this time; Debtor's above-refernced claims and counterclaims relate to real estate transactions in connection to Debtor's real property located at 1404 S Van Ness Avenue, Los Angeles, CA 90019; Debtor's claims value is unknown at this time; Debtor can update this schedule information once the above claims have been ascertained | **Unknown** |

**35. Any financial assets you did not already list**
- ■ No
- ☐ Yes. Give specific information..

**36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here.................................................................** | **$195,600.00** |

**Part 5:   Describe Any Business-Related Property You Own or Have an Interest in. List any real estate in Part 1.**

**37. Do you own or have any legal or equitable interest in any business-related property?**
- ■ No. Go to Part 6.
- ☐ Yes. Go to line 38.

**Part 6:   Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest in.**
If you own or have an interest in farmland, list it in Part 1.

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
- ■ No. Go to Part 7.
- ☐ Yes. Go to line 47.

**Part 7:   Describe All Property You Own or Have an Interest in That You Did Not List Above**

**53. Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership
- ■ No
- ☐ Yes. Give specific information.........

Official Form 106A/B                        Schedule A/B: Property                        page 7
Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                        *pmn g*                        Best Case Bankruptcy

Debtor 1    **PATRICIA M NEDRICK-GRAY**                                      Case number *(if known)*  **2:18-bk-17790**

54.  Add the dollar value of all of your entries from Part 7. Write that number here ....................................     | $0.00 |

| Part 8: | List the Totals of Each Part of this Form |

| 55. | Part 1: Total real estate, line 2 .......................................................................................................................... | | | $1,790,000.00 |
|-----|---|---|---|---|
| 56. | Part 2: Total vehicles, line 5 | $11,200.00 | | |
| 57. | Part 3: Total personal and household items, line 15 | $7,020.00 | | |
| 58. | Part 4: Total financial assets, line 36 | $195,600.00 | | |
| 59. | Part 5: Total business-related property, line 45 | $0.00 | | |
| 60. | Part 6: Total farm- and fishing-related property, line 52 | $0.00 | | |
| 61. | Part 7: Total other property not listed, line 54 | $0.00 | | |
| 62. | Total personal property. Add lines 56 through 61... | $213,820.00 | Copy personal property total | $213,820.00 |
| 63. | Total of all property on Schedule A/B. Add line 55 + line 62 | | | $2,003,820.00 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "B"

ADDENDUM TO DISCLOSURE STATEMENT

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **PATRICIA M NEDRICK-GRAY** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | **2:18-bk-17790** |

☐ Check if this is an amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:    List All of Your PRIORITY Unsecured Claims

1.  Do any creditors have priority unsecured claims against you?
    ☐ No. Go to Part 2.
    ☑ Yes.

2.  List all of your priority unsecured claims. If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

    (For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | | | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|---|
| **2.1** | **Los Angeles County Tax Collector** | Last 4 digits of account number  2402 | $2,445.12 | $2,445.12 | $0.00 |
| | Priority Creditor's Name | | | | |
| | P.O. Box 54110 | When was the debt incurred?  2018 | | | |
| | Los Angeles, CA 90054-0001 | | | | |
| | Number Street City State Zip Code | As of the date you file, the claim is: Check all that apply | | | |

Who incurred the debt? Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?
☑ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of PRIORITY unsecured claim:
☐ Domestic support obligations
☑ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☐ Other. Specify

1404 S Van Ness Ave Los Angeles, CA 90019  Los Angeles County
This property is a residential 4-unit building, with a total of 10-bedrooms; located in the Arlington Heights neighborhood. It was built on or about 1922, and has Assesors Parce

### Part 2:    List All of Your NONPRIORITY Unsecured Claims

3.  Do any creditors have nonpriority unsecured claims against you?
    ☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.
    ☑ Yes.

4.  List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim. If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

Total claim



Debtor 1    **PATRICIA M NEDRICK-GRAY**                                    Case number *(if known)*    **2:18-bk-17790**

---

| 4.1 | **Apartment Assoc. of Greater LA** | Last 4 digits of account number | 5298 | $226.00 |
|---|---|---|---|---|

Nonpriority Creditor's Name
**621 S. Westmoreland Avenue**
**Los Angeles, CA 90005**
Number Street City State Zip Code

**When was the debt incurred?** 01/2018

Who incurred the debt? Check one.

**As of the date you file, the claim is: Check all that apply**

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

Is the claim subject to offset?

- ☑ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify  **Membership Dues**

---

| 4.2 | **City of Los Angeles** | Last 4 digits of account number | 2402 | $800.00 |
|---|---|---|---|---|

Nonpriority Creditor's Name
**Office of Finance**
**P.O. Box 53200**
**Los Angeles, CA 90053**
Number Street City State Zip Code

**When was the debt incurred?**

Who incurred the debt? Check one.

**As of the date you file, the claim is: Check all that apply**

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

Is the claim subject to offset?

- ☑ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify  **Registration Dues**

---

| 4.3 | **Comenity Bank/Avenue** | Last 4 digits of account number | 3858 | $300.00 |
|---|---|---|---|---|

Nonpriority Creditor's Name
**Attn: Bankruptcy Dept**
**Po Box 182125**
**Columbus, OH 43218**
Number Street City State Zip Code

**When was the debt incurred?** 06/2018

Who incurred the debt? Check one.

**As of the date you file, the claim is: Check all that apply**

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

Is the claim subject to offset?

- ☑ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify  **Charge Account**

---

**Debtor 1** **PATRICIA M NEDRICK-GRAY**                                Case number (if known)    **2:18-bk-17790**

---

| 4.4 | **Financial Credit Net** | Last 4 digits of account number    9306 | $104.00 |
|---|---|---|---|

Nonpriority Creditor's Name
**Attn: Bankruptcy Dept**
**P O Box 3084**
**Visalia, CA 93278**

When was the debt incurred?    **Opened 10/12**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

Is the claim subject to offset?

- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify    **Collections**

---

| 4.5 | **Mohela/Dept of Ed** | Last 4 digits of account number    0002 | $7,000.00 |
|---|---|---|---|

Nonpriority Creditor's Name
**633 Spirit Dr**
**Chesterfield, MO 63005**

When was the debt incurred?    **05/2018**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

Is the claim subject to offset?

- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:

- ■ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☐ Other. Specify    _____

**Educational**

---

| 4.6 | **Mohela/Dept of Ed** | Last 4 digits of account number    0001 | $5,500.00 |
|---|---|---|---|

Nonpriority Creditor's Name
**633 Spirit Dr**
**Chesterfield, MO 63005**

When was the debt incurred?    **05/2018**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

Is the claim subject to offset?

- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:

- ■ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☐ Other. Specify    _____

**Educational**

---

Debtor 1  **PATRICIA M NEDRICK-GRAY**                                    Case number (if know)    **2:18-bk-17790**

| 4.7 | **Moma Funding LLC** | Last 4 digits of account number    0958 | $995.14 |

Nonpriority Creditor's Name
**c/o Quantum3 Group LLC**
**P.O. Box 788**
**Kirkland, WA 98083**
Number Street City State Zip Code

When was the debt incurred?    **08/2012**

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a  community debt

Is the claim subject to offset?

- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify    **Collections**

---

| 4.8 | **Money Mart** | Last 4 digits of account number    2402 | $4,059.87 |

Nonpriority Creditor's Name
**74 E Swedesford Road**
**Suite 150**
**Downingtown, PA 19335**
Number Street City State Zip Code

When was the debt incurred?    **03/2018**

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a  community debt

Is the claim subject to offset?

- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify    **Loan**

---

| 4.9 | **Real Time Resolutions** | Last 4 digits of account number    4397 | $1,674.00 |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**Po Box 36655**
**Dallas, TX 75235**
Number Street City State Zip Code

When was the debt incurred?    **05/2015**

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a  community debt

Is the claim subject to offset?

- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ■ Disputed

Type of NONPRIORITY unsecured claim:

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify    **Collections**

Debtor 1   **PATRICIA M NEDRICK-GRAY**                                    Case number (if known)   **2:18-bk-17790**

| 4.10 | **Speedy Cash** | Last 4 digits of account number | **2402** | **$3,000.00** |
|---|---|---|---|---|

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**P.O. Box #780408**
**Wichita, KS 67278**
Number Street City State Zip Code

When was the debt incurred?   **01/2016**

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?
■ No
☐ Yes

☐ Contingent
☐ Unliquidated
■ Disputed

Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify **Loan**

---

**Part 3:    List Others to Be Notified About a Debt That You Already Listed**

6. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

Name and Address
**Money Mart**
**6340 North West 5 Way**
**Fort Lauderdale, FL 33309**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.8** of (Check one):
☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

---

**Part 4:    Add the Amounts for Each Type of Unsecured Claim**

6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

| | | | | Total Claim |
|---|---|---|---|---|
| Total claims from Part 1 | 6a. | Domestic support obligations | 6a. | $ 0.00 |
| | 6b. | Taxes and certain other debts you owe the government | 6b. | $ 2,445.12 |
| | 6c. | Claims for death or personal injury while you were intoxicated | 6c. | $ 0.00 |
| | 6d. | Other. Add all other priority unsecured claims. Write that amount here. | 6d. | $ 0.00 |
| | 6e. | Total Priority. Add lines 6a through 6d. | 6e. | $ 2,445.12 |
| | | | | Total Claim |
| Total claims from Part 2 | 6f. | Student loans | 6f. | $ 12,500.00 |
| | 6g. | Obligations arising out of a separation agreement or divorce that you did not report as priority claims | 6g. | $ 0.00 |
| | 6h. | Debts to pension or profit-sharing plans, and other similar debts | 6h. | $ 0.00 |
| | 6i. | Other. Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ 11,159.01 |
| | 6j. | Total Nonpriority. Add lines 6f through 6i. | 6j. | $ 23,659.01 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "C"

ADDENDUM TO DISCLOSURE STATEMENT

1
2
3
4
5

**Ivan M. Lopez Ventura** SBN 255743
**Ivan M. Lopez Ventura, Esq.**
5155 West Rosecrans Avenue, Suite 224
Hawthorne, CA 90250
Direct: (714) 788-4804
Fax:    (949) 266-8230
Email: Lopezesq@gmail.com

6
7

Attorney for Debtor
**PATRICIA M. NEDRICK-GRAY**

8

UNITED STATES BANKRUPTCY COURT

9

FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

LOS ANGELES DIVISION

11

12
13
14
15
16

In Re:

**PATRICIA M. NEDRICK-GRAY**


        Debtor (s)

CHAPTER 11

BK CASE NO.  **2:18-bk-17790-BR**

**BALLOT FOR ACCEPTING
OR REJECTING PLAN OF
LIQUIDATION**

17
18
19

**BALLOT FOR ACCEPTING OR REJECTING PLAN OF LIQUIDATION**

20
21
22
23
24
25
26
27

Proponent file a plan of liquidation with the Court dated September 10, 2018 (the "Plan") for the

Debtor in this case. The Court has approved the disclosure statement with respect to the Plan (the

"Disclosure Statement"). The Disclosure Statement provides information to assist you in

deciding how to vote your ballot. If you do not have a Disclosure Statement you may obtain a

copy from Ivan M. Lopez Ventura, 5155 West Rosecrans Avenue, Suite 224, Hawthorne, CA

90250; Lopezesq@gmail.com. Court approval of the Disclosure Statement does not indicate

Court approval of the Plan by the Court.

28

-1-

BALLOT

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advise concerning the Plan and your Classification and treatment under the Plan. Your [claim] [equity interest] has been placed in class 6 under the Plan. If you hold claims or equity interest in more than one class, you will receive a ballot for each class in which you are entitled to vote.

If you ballot is not received by Ivan M. Lopez Ventura, 5155 West Rosecrans Avenue, Suite 224, Hawthorne, CA 90250; on or before [date], and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

-2-

BALLOT

1

2        <u>**ACCEPTANCE OR REJECTION OF THE PLAN**</u>

3

4            The undersigned, the holder of a Class [ ] claim against the Debtor in the unpaid amount

5   of Dollars ($)

6

7            (Check on box only)

8

9

10           [  ] ACCEPTS THE PLAN                    [   ] REJECTS THE PLAN

11

12

13   Dated: _____

14

15   Print or Type Name: _____

16

17   Title (if Corporation or Partnership): _____

18

19   Address: _____

20

21   RETURN THIS BALLOT TO:

22

23   **Ivan M. Lopez Ventura, Esq.**

24   **5155 West Rosecrans Avenue, Suite 224,**

25   **Hawthorne, CA 90250**

26

27

28
                                        -3-

                                       BALLOT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

# EXHIBIT "D"

25

26 **Debtor as Tenant – None**

27 **Debtor as Landlord – 1404 S Van Ness Avenue, Los Angeles, CA 90019**

28

-9-

ADDENDUM TO DISCLOSURE STATEMENT